IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM SOLOMON LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-10-4940 |
| | § | |
| SERGEANT BANKHEAD, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending before the Court[1] is Defendants' Motion for Summary Judgment (Document No. 23), in which Defendants argue that they are entitled to summary judgment on Plaintiff's excessive force claims under 42 U.S.C. § 1983. Having considered Defendants' motion, Plaintiff's response in opposition (Document No. 30), the parties' additional briefing (Document No. 34), and Plaintiff's discovery and evidentiary motions (Document Nos. 31, 32, 33, 36, 38 and 39)[2], the Court concludes, for the reasons set forth more fully below, that Plaintiff did not exhaust his administrative remedies, as is required by 42 U.S.C. § 1997(e)(a), and therefore Defendants' Motion for Summary Judgment (Document No. 23) must be GRANTED. In addition, as the discovery and evidentiary motions filed by Plaintiff have no bearing whatsoever on Defendants' affirmative defense of failure to exhaust

---

[1] On June 9, 2011, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 19.

[2] Plaintiff filed two "Motion[s]" to "Defendants' Combined Response" (Document Nos. 36 & 39), which are in the nature of Replies to "Defendants' Combined Response to Plaintiff's Motion for Discovery of Exculpatory and Mitigating Evidence, Motion in Support of Admission of Polygraph Exam Results and Application for Subpoena" (Document No. 35).

administrative remedies and would not raise a genuine issue of material fact on the exhaustion issue, those motions (Document Nos. 31, 32, 33, 36, 38 and 39) are all DENIED.

I.  **Procedural History**

On December 8, 2010, Plaintiff William Solomon Lewis ("Lewis"), an inmate incarcerated at the Joe Corley Detention Center[3], filed this civil rights case under 42 U.S.C. § 1983, complaining about force that was used against him on May 14, 2010, at the Harris County Jail. According to Lewis, he was choked by Defendant Sergeant Bankhead while he was handcuffed and facing a wall. He sued Sergeant Bankhead, Adrian Garcia (Harris County Sheriff), and Harris County, Texas. On May 10, 2011, Lewis was allowed to amend his complaint to increase the damages sought to $45,000.00.

On June 24, 2011, Defendants filed their Motion for Summary Judgment. In that motion Defendants argue that they are entitled to summary judgment on Lewis' claim(s) because: (1) Plaintiff did not exhaust his administrative remedies prior to filing suit, as is required by 42 U.S.C. § 1997e(a); (2) there is no evidence that Lewis' constitutional rights were violated by the use of force that was unreasonable; and (3) there is no evidence that Lewis suffered any injury. In addition, Defendants argue that there are no facts and no evidence upon which municipal liability could be based against Defendant Harris County; there are no allegations and no evidence of any involvement

---

[3] At the time of the incident complained of in this case, Lewis was being held in the Harris County Jail, after having been found with and charged with possession of an unregistered firearm. On June 30, 2010, Lewis was charged by Indictment in the United States District Court for the Southern District of Texas, Houston Division, with that offense. *See United States v. Lewis*, Criminal Action No. H-10-444 (Atlas, J.). Lewis has since been found guilty of possession of an unregistered firearm, and has been sentenced to 110 months imprisonment.

of Defendant Adrian Garcia; and there is no evidence that could overcome Defendant Bankhead's claim of qualified immunity. Lewis has filed a response to Defendants' Motion for Summary Judgment (Document No. 30) and has additionally filed a Motion for Discovery and Exculpatory and Mitigating Evidence (Document No. 21) a Motion for Admission of Polygraph Exam Results (Document No. 32), an Application for Subpoena (Document No. 33), a "Motion for Court to Order Redaction of all References to Plaintiff's Medical Information" (Document No. 38), and two "Motion[s]" to "Defendant's Combined Response" (Document Nos. 36 & 39).

## II. Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

**III.   Discussion**

Defendants first argue that summary judgment is warranted because Lewis did not exhaust his administrative remedies, as is required by 42 U.S.C. § 1997e(a). Lewis, in response, does not claim to have followed the grievance procedures in place at the Harris County Jail. Instead, he claims that he was excused from those grievance procedures because the grievance process is deficient and controlled by those against whom he is complaining. *See* Plaintiff's Response to Defendants' Motion for Summary Judgment (Document No. 30) at 8.

42 U.S.C. § 1997e(a), which is part of the Prison Litigation Reform Act ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

4

The exhaustion requirement in § 1997e(a) "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 528 (2002).

A plaintiff's failure to exhaust his administrative remedies under § 1997e(a) is an affirmative defense that must be pled and proven by a defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In addition, in a summary judgment context, it is the defendant's burden to "establish beyond peradventure all of the essential elements of the defense of exhaustion." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits." *Id.* at 273.

Here, Defendants have asserted Lewis' failure to exhaust his administrative remedies as an affirmative defense to his claim(s). *See* Answer (Document No. 17) at 2 ("Failure to Exhaust Administrative Remedies. Plaintiff has failed to exhaust his administrative remedies <u>before</u> filing suit concerning his allegations of violations of his constitutional rights by each of the named Defendants."). In addition, Defendants have offered proof that Lewis knew of, but did not follow, the two-step grievance procedure in place at the Harris County Jail. *See* Exhibit 3 to Defendants' Motion for Summary Judgment. Lewis, in response to Defendants' assertion of exhaustion as an affirmative defense, admits that he consciously decided to forgo that two-step grievance process:

> In reference to failure to exhaust administrative remedies. The Plaintiff felt in a circumstance such as this due to its criminal and potential inflamatory [sic] nature that it would be unwise to alert those involved and tainting potential evidence by initiating a grievance on a Floor Sergeant only be investigated by a colleagues [sic] who also would be a Floor Sergeant (i.e. video surveillance footage or witness statements). The Plaintiff instead initiated investigations thru [sic] himself and his Private Investigator directly to Adrian Garcia's Office, Harris County Sheriff's Office[,]

>Office of Inspector general[,] Internal Affairs Division, Harris County District Attorney's Offices, Texas Rangers, Texas Commission on Jail Standards and the U.S. Department of Justice Civil Rights Division.

Plaintiff's Response to Defendants' Original Answer (Document No. 20) at 2. In addition, Lewis contends that his pursuit of the administrative remedies made available by and through the Harris County Inmate Handbook should be excused because the grievance process is "deficient by design" and "those who were being investigated and that were the subject of the complaint were the same persons conducting the investigation itself." Plaintiff's Response to Defendants' Motion for Summary Judgment (Document No. 30) at 8.

The evidence shows that Lewis did not follow the two step grievance procedure in place at the Harris County Jail. That grievance procedure required Lewis to file a grievance with the Discipline and Grievance Office and then appeal any adverse ruling on his grievance to the Captain of the Inmate Affairs Division. See Exhibit "3" to Defendants' Motion for Summary Judgment (Document No. 23), Inmate Handbook at I.C. While Lewis did file a complaint with the Office of Inspector General of the Internal Affairs Division of the Harris County Sheriff's Office, that complaint did not constitute a grievance under the Harris County Jail policy. *See id.* Moreover, even if Lewis' complaint to the Internal Affairs Division could constitute, or substitute for, a grievance to the Discipline and Grievance Office, Lewis did not, in any form, appeal the determination made of the Internal Affairs Division that his complaint had no merit. The Supreme Court has held that an inmate must, to comply with § 1997e(a), properly pursue the administrative remedies available. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006) ("We hold that proper exhaustion of administrative remedies is necessary."); *see also Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. 2009) ("Proper

exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules."). Lewis clearly did not do so.

As for Lewis' argument that his compliance with the two-step grievance procedures should be excused because the grievance process is deficient and because it would have been futile for him to file a grievance when the persons who review and investigate the grievances are the same persons about whom he was complaining, Lewis has offered no evidence to support either assertion. Moreover, neither argument has been countenanced in this Circuit, which takes a strict approach to the exhaustion requirement. *Dillon*, 596 F.3d at 268 (under the Fifth Circuit's "strict approach," "'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly"); *Hicks v. Lingle*, 370 Fed. Appx. 497, 498-99 (5th Cir.) ("courts may no longer read a futility exception into the exhaustion requirement"), cert. denied, 131 S.Ct. 821 (2010); *see also e.g., Fegans v. Johnson*, 2010 WL 1425766 (S.D. Tex. 2010) (Lake, J.) (dismissing Plaintiff's § 1983 claims without prejudice based on Plaintiff's failure to exhaust his administrative remedies where Plaintiff failed to file a grievance at the Harris County Jail, and claimed that his failure should excused because he believed that a grievance could not be filed).

Because it cannot be said on this record that Lewis complied with the exhaustion requirements of § 1997e(a), Defendants are entitled to summary judgment on their affirmative defense of failure to exhaust administrative remedies.

7

### IV.     Conclusion and Order

Based on the foregoing, and the conclusion that Plaintiff did not exhaust his administrative remedies, and that such failure to exhaust cannot be excused on the arguments offered by Plaintiff, it is

ORDERED that Defendants' Motion for Summary Judgment (Document No. 23) is GRANTED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  It is further

ORDERED that Plaintiff's discovery and evidentiary motions (Document Nos. 31, 32, 33, 36, 38 and 39), which have no bearing on the exhaustion determination, are all DENIED.

Signed at Houston, Texas, this 6th day of February, 2012.

Frances H. Stacy
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM SOLOMON LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-10-4940 |
| | § | |
| SERGEANT BANKHEAD, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT

Based on the Memorandum and Order filed this date which granted Defendants' Motion for Summary Judgment, it is

ORDERED that Plaintiff's claim(s) are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

This is a FINAL JUDGMENT.

Signed at Houston, Texas, this _____ day of February, 2012.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE